IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MEL MARIN, )
 )
        Plaintiff, )
 )
        v. ) 2:09cv1453
 ) **Electronic Filing**
**TOM LESLIE; ARTISIA FOSTER;** )
**LAWRENCE COUNTY, PA**, )
 )
        Defendants. )

## **OPINION**

Mel Marin ("plaintiff") initially commenced this § 1983 civil rights action on May 26, 2006, as a trustee and co-beneficiary of his father's revocable trust seeking to set aside and have declared void an April 28, 2006, tax sale of real property located at 828 South Mill Street, New Castle, Lawrence County, Pennsylvania, 16101 ("the subject property").[1] Plaintiff asserted standing to pursue this relief as well as compensatory and punitive damages for violations of the

---

[1] Plaintiff is a serial *pro se* filer who has filed vexatious litigation in this court in Mel Marin v. The Erie Times, et al., 1:11cv102 (Doc. No. 18), aff'd, 525 F. App'x 74 (3d Cir. 2013); In re: Joseph Fragile, et al., 2:11cv788 (Doc. No. 8); and In re: Joseph Fragile, et al., 2:11cv789 (Doc. No. 7). He also has filed over 70 proceedings in other jurisdictions and been placed on the "Vexatious Litigant List" by the State of California in connection with a filing in the San Diego Superior Court at No. 720715. See Transmittal Statement of the Bankruptcy Court to Accompany Notice of Appeal (Doc. No. 1-14) in In re: Joseph Fragile, et al., 2:11cv789 (W.D. Pa. June 15, 2011) at 6 n.3.
   Plaintiff also uses different addresses in different states to maintain his pending cases. He frequently claims not to have received mail at the address he maintains in the court's docket and seeks to reset his own deadlines for compliance with any particular pretrial deadline. A review of his filings in the related dockets reflect the use of such tactics. See e.g. Notice of and Motion for Leave to Allow Responses to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send Case Management Order and Declaration in Support (Doc. No. 51 in 2:09cv1453) at 1; Notice of and Motion to Supplement Motion for Late Response to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send 2011 Case Management Order (Doc. No. 55 in 2:09cv1453) at 1; Plaintiff's Notice of and Motion for Leave to File a Pre-Trail Statement Out-of-Time (Doc. No. 31 in 2:06cv690) at 1. The court's docket verifies that in accordance with the Local Rules all orders and opinions are mailed to plaintiff at the mailing address he has provided for the particular case (which includes a change of address upon proper notification to the Clerk).

bankruptcy code and the Due Process Clause as 1) the trustee of "The Happy Trust Three," 2) as a co-beneficiary of The Happy Trust Three, and 3) as a holder of "a trustee's lien in the nature of a mortgage" on the subject property. First Amended Complaint (Doc. No. 6 in 2:06cv690) at ¶ 4. On September 10, 2008, this court dismissed plaintiff's initial action for lack of standing and the inability of plaintiff to pursue the claims of the trust in his *pro se* capacity. See Marin v. Leslie, 2008 WL 4238961 (W.D. Pa. Sept. 10, 2008). Plaintiff appealed.

The United States Court of Appeals for the Third Circuit affirmed this court's rulings and order as modified. It held that plaintiff lacked standing as a beneficiary of the trust. And although he did have standing as a trustee of the trust, he could not pursue the claims on behalf of the trust *pro se*, but instead needed to obtain counsel to pursue the claims on behalf of the trust. Marin v. Leslie, 337 F. App'x 217, 219 (3d Cir. 2009).

Plaintiff commenced the instant action on October 30, 2009, by filing a motion to proceed *in forma pauperis* and attaching to it a complaint that essentially restated the claims presented in the initial action with *pro forma* revisions.[2] Plaintiff seeks to pursue these same claims based on

---

[2] The facts as set forth in the initial action were as follows. The subject property upon which plaintiff's claims are founded was listed by his father as estate property in a petition in bankruptcy filed with the United States District Court of Arizona and referred to the United States Bankruptcy Court for the District of Arizona. As a result, it was and is protected from adverse action by defendants. In addition, plaintiff stands in privity with his father and thus his property interest in the family trust enjoys the same protection. Complaint in 2:06cv690 at ¶ 4; Amended Complaint in 2:06cv690 at ¶ 6. Defendants exposed the subject property to tax sale in April of 2006 without providing proper notice and in doing so transgressed the mandate of the Due Process Clause as well as the automatic stay of the bankruptcy code.

More specifically, in April of 2005 the bankruptcy estate gave notice of its abandonment of the subject property, but the bankruptcy court never issued an order lifting the automatic stay over the property, and thus the property remained protected from taxation or alienation by defendants. Complaint at ¶¶ 8-9; Amended Complaint at ¶ 24. In addition, defendants had knowledge of plaintiff's personal mailing address through plaintiff's in-person oral notification, Complaint at ¶

2

7; Amended Complaint at ¶ 9, and from his written communications in March of 2006 to the County Treasurer and County Commissioner Artisia Foster. Complaint at ¶ 10; Amended Complaint at ¶ 10. Nevertheless, defendants failed to provide proper notice of the exposure of the subject property to tax sale. Complaint at ¶ 11; Amended Complaint at ¶ 11.

In his original complaint plaintiff asserted he is entitled to collect damages "in the amount of what he will charge the family trust for the protection of this property," Complaint at ¶ 12, for violation of the automatic stay, id. at ¶ 19, and to have the tax sale voided. Id. at ¶25. Plaintiff's allegations are submitted pursuant to a verified complaint. Id. at ¶26. In his Amended Complaint plaintiff asserts a right to recover damages 1) for defendants' "custom and practice in this case of deliberately altering its own records to avoid giving notice to owners of property of pending tax sales in order to avoid objection," Amended Complaint at ¶ 17, 2) defendants' refusal to void the April 28, 2006, tax sale of the subject property, id. at ¶ 22, and 3) defendants' willful violation of the automatic stay. Id. at ¶ 29. Plaintiff's allegations in the Amended Complaint are also verified.

Plaintiff advances the following theories for recovery in his Amended Complaint. At count one he alleges the County has a custom and practice of failing to give either statutory or actual notice to owners of pending tax sales, in order to take property while avoiding objection. Id. at ¶ 13. As a consequence, plaintiff is entitled to a declaration that the April 28, 2006, tax sale is void. Id. at ¶ 14. At count two plaintiff alleges "the county deliberately altered the address record it held for this plaintiff in 2003 and placed the old Cleveland address into the records in order to punish plaintiff for his action in bankruptcy court against the City of New Castle in April 2005 for the city's unsuccessful attempt to condemn the property during a pending bankruptcy." Id. at ¶ 16. As a consequence, plaintiff is entitled to general damages in the amount of $100,000 and special damages in the amount of $15 million for loss of property and evidence stored in the subject property needed for ongoing legal actions, and a punitive damages award. Id. at ¶ 17. At count three plaintiff alleges the defendants received numerous letters and notices from him about the violation of the automatic stay and nevertheless failed and refused to void the tax sale. Id. at ¶ 21. As a consequence, plaintiff is entitled to general damages in the amount of $100,000 and special damages in the amount of $15 million for loss of property and evidence stored in the subject property needed for ongoing legal actions, and a punitive damages award. Id. at ¶ 22. At count four plaintiff alleges that although the subject property was abandoned by the bankruptcy trustee, it continued to be protected under the automatic stay and as a result the subject property did not incur tax liability since the filing for bankruptcy in 2001 and that protection continues to the present day. Id. at ¶ 26. Defendants had a custom and policy of undertaking tax sale foreclosure notwithstanding the stay, thereby committing theft. Id. at ¶ 28. As a consequence, plaintiff is entitled to general damages in the amount of $100,000 and special damages in the amount of $15 million for loss of property and evidence stored in the subject property needed for ongoing legal actions, and a punitive damages award. Id. at ¶ 29.

Plaintiff's complaint in the instant action virtually mirrors the allegations contained in the Amended Complaint in the 2006 action. Compare Complaint (Doc. No. 4 in 2:09cv1453) with First Amended Complaint (Doc. No. 6 in 2:06cv690). The only difference is that plaintiff now alleges he "is the only owner" of the real property and the "assignee" of the cause of action held by

3

an alleged assignment of those claims by the trust. According to plaintiff, his after-the-fact acquired ownership of the subject property and the assignment of the chose in action now permit him to seek the relief that the Third Circuit declared only was available to and could be pursued by the trust. Complaint (Doc. No. 4 in 2:09cv1453) at ¶ 4. Presently before the court is defendant's motion for summary judgment to which plaintiff has responded.[3] For the reasons set forth below, the motion will be granted.

Plaintiff's efforts to re-assert the claims of the trust in his *pro se* capacity through assignment violate the law of the case. "The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." Pub. Interest Research Group of New Jersey v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997). Preclusion of matters that parties have had a full and fair opportunity to litigate "protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Arizona v. California, 460 U.S. 605, 619 (1983) (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979). An issue previously decided may be reconsidered only in the event of extraordinary circumstances such as "1) the availability of new evidence; 2) the announcement of a supervening new law; and 3) a clearly erroneous decision that would create manifest injustice." Bowers v. City of Philadelphia, 2008 WL 5234357 *2 (E.D. Pa. 2008) (citing Pub. Interest Research Group,

---

the family trust. Complaint (Doc. No. 4 in 2:09cv1453) at ¶ 4.

[3] Plaintiff had more than ample time to respond to defendants' motion. He filed his initial response in the form of a motion to strike and then had additional time to muster any additional response he had to defendants' motion. See e.g. Order of February 24, 2014 (noting lengthy time plaintiff has been afforded to file a response). All of plaintiff's submissions filed after the filing of defendants' motion have been taken into account in rendering this disposition on the motion.

123 F.3d at 117).

In the present matter, the Third Circuit has already decided that (1) as a beneficiary of the trust plaintiff lacks standing to pursue the causes of action of the trust, (2) the trust is the only entity that can pursue the claims, which includes any right to recover for any work plaintiff did as trustee in conjunction with the claims and (3) in his capacity as trustee plaintiff can only have the trust pursue the claims through the representation of counsel.[4] In other words, without the aid of an attorney plaintiff as trustee cannot pursue the claims arising out of the sheriff's sale of the subject property because both the property and any right to redress was owned by the trust at the time of the alleged harm and it had independent status to sue and be sued under Pennsylvania law. Marin v. Leslie, 337 Fed. Appx. 217, 219-20 (3d Cir. 2009).

The asserted violations of due process and the bankruptcy stay alleged in plaintiff's complaint arise from the sale of the subject property. The claims based on these facts were determined to belong to the trust. Id. at 218-20. Plaintiff had a full and fair opportunity to be heard on the matter before it became final and has failed to identify any proper basis for reconsideration. Consequently, under the law of the case all of the causes of action are the property of and can be pursued only by the trust.

Plaintiff argues that the claims were assigned to him and thus he is able to file suit in his personal capacity. This argument is meritless.

Section 1983 establishes legal and equitable rights for every person who suffers the

---

[4] Plaintiff once again alleges personal injuries in his complaint, but this argument is wide of the mark. These include amounts for his services and compensation for the alleged loss of plaintiff's personal records. The Third Circuit already has ruled that plaintiff's claims for loss of services and property are claims against the trust. Id. at 219-20 & n. 1.

5

deprivation of a constitutional right under the color of state law. 42 U.S.C. § 1983. The statute is silent on whether a plaintiff has the ability to transfer that right.

"In all cases where federal laws are not adapted to protecting and vindicating civil rights, or are deficient in their provisions to do so, the common law, as modified and changed by the constitution and statute of the State wherein the court sits shall govern . . ., so far as it is not inconsistent with the Constitution and laws of the United States." Pony v. County of Los Angeles, 433 F.3d 1138, 1143 (9th Cir. 2006) (citing 42 U.S.C. § 1988) (internal alterations omitted). Thus, Pennsylvania law must be consulted to determine whether a § 1983 cause of action may be assigned.

The Supreme Court consistently has held that a cause of action arising under § 1983 "creates a species of tort liability." Heck v. Humphrey, 512 U.S. 477, 483 (1994) (quoting Memphis Community School Dist. V. Stachura, 477 U.S. 299, 305 (1986)). The common law rules of the states "defining the elements of damages and the prerequisites for their recovery, provide the appropriate starting point for the inquiry under § 1983 as well." Id. (citing Carey v. Piphus, 435 U.S. 247, 257-58 (1978)).

Under Pennsylvania law unliquidated personal injury tort claims are not assignable. Chiropractic Nutritional Associates, Inc. v. Empire Blue Cross & Blue Shield, 669 A.2d 975, 983 (Pa. Super. 1995) (citing DeMasi v. DeMasi, 530 A.2d 871, 884 (Pa. Super. 1987); see also Feingold v. Liberty Mut. Group, 847 F. Supp.2d 772 (E.D. Pa. 2012). As a general matter, public policy prohibits the assignment of unliquidated personal injury claims because of the need to preclude champerty and "to prevent the unscrupulous from purchasing causes of action dealing in pain and suffering." Chiropractic Nutritional Associates, 669 A.2d at 983 (citing MURRAY ON

CONTRACTS § 138 B at 806 (3d ed.1990)).

Here, plaintiff seeks to assert constitutional violations pursuant to § 1983. By plaintiff's own verified complaint in 2:06cv690, the subject property from which this action arises was not plaintiff's at the time of the alleged injuries. Rather, the property belonged to a trust of which plaintiff at the time was a trustee and contingent beneficiary. Any cause of action the trust may have had pursuant to § 1983 was an unliquidated "species of tort liability" that was in some ways subject to Pennsylvania common law. As such, any cause of action was/is not assignable and must be brought by the trust. Because the causes of action allegedly assigned to plaintiff by the trust are not assignable, defendant's motion for summary judgment will be granted on all counts.

Finally, the motion will be granted because the claims pursuant to the 2006 sale are time-barred. "Actions brought under 42 U.S.C. §1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." Larsen v. State Employees' Ret. Sys., 553 F. Supp.2d 403, 415 (M.D. Pa. 2008) (quoting O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006)). Pennsylvania law provides a two-year statute of limitations. 42 Pa. C. S. § 5524.

The accrual date of a §1983 claim is governed by federal common-law tort principles. Larsen, 553 F. Supp.2d at 416. Under this approach "accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)). Therefore, the "cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Id. (quoting Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)).

As plaintiff in his capacity as trustee filed suit on the trust's claims in 2006 and as assignee

7

of its claims in 2009, it is clear that the trust and one of its trustees knew of (1) the sale by at least 2006 and (2) the rulings of the Third Circuit in July of 2009. Pursuant to those rulings the trust was made aware that it had to pursue the claims in its own right with the assistance of counsel. It chose not to do so, but instead permitted plaintiff to pursue them *pro se* pursuant to an assignment.

The trust has never filed suit on its claims in this court. It was not a party to the 2006 action and it was not a party to this action. To the extent the trust has not already filed an action on the alleged constitutional violations, which clearly it has not as evidenced by the purported assignment of the claims to plaintiff, the statute of limitations has run.

Plaintiff's submissions in opposition are unavailing. Plaintiff was well aware of the bases and factual premises defendants advanced in support of their motion for summary judgment. The motion was filed as a summary judgment motion along with supporting exhibits and the court consistently has treated it as a Rule 56 motion. Thus, there is no basis to strike the motion or to treat it as deficient in some material way.

Moreover, the contention that not all § 1983 claims are treated as personal injury actions is wide of the mark. As explained above, § 1983 claims are analogized to that body of law for the purposes of assignment and the statute of limitations. The undisputed facts demonstrate that under the applicable law the specific claims plaintiff seeks to pursue belong to the trust and are not assignable. And the passing of plaintiff's parents has no bearing on the undisputed facts that (1) the causes of action remain exclusively with the trust; (2) at all times the trust had the capacity to sue on the claims under Pennsylvania law, see Marin v. Leslie, 2008 WL 4238961 at *4-5; and (3) the trust failed to pursue its claims in a timely manner. Thus, the claims plaintiff seeks to advance are time-barred.

For the reasons set forth above, defendant's motion for summary judgment will be granted on all counts. The court finds that this action is without foundation and is vexatious and filed for the purpose of needlessly complicating and prolonging the proceedings between the parties. An appropriate order will follow.

Date: March 13, 2014

                                      s/ David Stewart Cercone
                                      David Stewart Cercone
                                      United States District Judge

cc:       Mel M. Marin
          General Delivery
          1001 Frederick Road
          Catonsville, MD 21228

          (*Via First Class Mail*)

          Phillip L. Clark, Jr., Esquire

          (*Via CM/ECF Electronic Mail*)